[No. 5,826.]

# HAWLEY v. McCREDY.

INDORSERS.—In a suit by an indorsee against the makers and indorsers of promissory notes, the latter pleaded that they were accommodation indorsers, under an agreement by plaintiff to pay or protect the notes out of funds due and to become due to the makers from a society, of which plaintiff was treasurer, and for which the makers were doing work under a contract. *Held,* that the defense was good, but that there was no evidence to sustain it.

APPEAL from an order refusing the plaintiff a new trial, in the Third District Court, City and County of San Francisco. McKEE, J.

The facts are stated in the opinion.

*Cope & Boyd*, for Appellant.

*R. P. & H. N. Clement*, for Respondents.

Department No. 2, MYRICK, J.:

This is an action upon two promissory notes, executed by the defendants, J. J. McCredy & Sons, payable to the order of the defendants, Meigs & Gawley, indorsed by them and plaintiff. Plaintiff alleges that he paid the notes after protest, and now sues the makers and Meigs & Gawley. The defense of Meigs & Gawley, who alone answered, is, that Meigs & Gawley and plaintiff were accommodation indorsers, under an agreement by plaintiff to pay or protect the notes out of funds—a portion then due, and the balance to come due to the McCredys—from a society for which the McCredys were doing work under a contract.

If the defense was true, plaintiff could not recover. Plaintiff denied the agreement. If his denial was true, he could recover.

The evidence upon this subject does not tend to show that plaintiff promised to pay or protect the notes. McCredy testified that "Hawley never said anything to me about paying off the notes." Hawley testified, "I did not say I would protect the notes out of the 25 per cent." Gawley did not testify that there was an agreement of that kind. No other witness testified upon that subject. The verdict of the jury was in favor of defendants, Meigs & Gawley. Plaintiff moved for a new trial, which was denied, and he appealed.

Insufficiency of the evidence to justify the verdict, and that the evidence does not show that the plaintiff agreed to protect either of the notes, or pay the same out of the 25 per cent. provided for in the contract, are stated as grounds for a new trial. The evidence being insufficient, a new trial should have been granted.

Judgment and order reversed, and cause remanded, with instructions to grant a new trial.

THORNTON, P. J., and SHARPSTEIN, J., concurred.